**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

UNITED STATES OF AMERICA

VS:                                                                                          CRIMINAL NO. 2:09cr030

WILLIAM LEE FIELDS

**OBJECTION TO GOVERNMENT'S FILING OF INFORMATION
TO ESTABLISH CONVICTION IN ORDER TO RAISE PENALTY FOR
COUNT I OF INDICTMENT**

Comes now the Defendant herein, Willie Lee Fields, and files this his objection to the Government's Information To Establish Prior Conviction Pursuant To 21 U.S.C.. §821 filed in order to increase the statutory minimum penalty for Count I of the indictment **from ten (10) years** and not more than life imprisonment, not more than $4,000,000 fine or both, **to twenty (20) years** and not more than life imprisonment; not more than $8,000,000 fine or both..

First, the Defendant submits that the information which the Government sets forth in its pleadings to establish prior convictions pursuant to 21 U.S.C. §851 is factually inaccurate as it implies that the Defendant has two prior felony drug convictions which is not the case. In Cause # 2005-088-CR2, in the Circuit Court of Bolivar County, Mississippi, the Defendant was convicted of misdemeanor possession of marijuana and felony possession of cocaine.

In the instant case, the Defendant's indictment was filed on March 26, 2009 and it was ordered held under seal. On April 27, 2009, said indictment was released from seal and an arrest warrant was issued on April 28, 2009. On May 12, 2009, the Defendant's initial appearance was held at which time the Government orally requested detention based, in part, on Defendant's

prior drug possession conviction. A Detention Hearing was held on May 20, 2009, at which time the Government advised the Court that the Defendant had a prior drug conviction for possession of marijuana and cocaine in Bolivar County in June, 2005. It has been the undersigned attorney's experience that if such an enhancement is sought, ths information is filed at the time of the indictment or shortly thereafter.

Shortly thereafter, following a Request For Discovery filed by Defendant's attorney, the Government sent a discovery packet on June 1, 2009, containing a NCIC printout disclosing this same drug possession conviction. All of these items indicate that the Government was well aware of the Defendant's prior drug possession conviction many months prior to the filing of its pleading disclosing Defendant's criminal history referenced above.

A Plea Agreement was signed by the Defendant and a change of plea hearing was held on Friday, September 18, 2009. Rather than enter his plea, the Defendant requested that he have additional time to consider his decision to plead guilty and the Court allowed him additional time for this purpose. On Monday, September 21, 2009, the Government filed its pleading based on the Defendant's criminal history in order to penalize him for not entering his plea on the day originally scheduled. Given the length of time the Government had known of Defendant's previous conviction, and the fact that there was nothing that transpired over the weekend between the change of plea hearing and the filing of this document, one can only conclude this filing and the minimum sentence increase resulting therefrom was the result of the Government's vindictive abuse of discretion. Furthermore, 21 U.S.C. §851 requires that the filing of this information be prior to the entry of a plea of guilty or before trial. As aforesaid, the Government knew of this prior conviction months before Friday, September 18, 2009, the scheduled date of Defendant's change of plea hearing, and did not file this information. It is clear

that the Government had no intention of filing an information. It only did so to punish the Defendant. As a matter of fact, had the Defendant entered his plea as scheduled, he would not be facing this sentence increase. It should also be pointed out that there was little, if any, prejudice to the Government by the Court allowing the Defendant a little more time to consider his plea.

      Therefore, Defendant hereby respectfully objects to the filing of this criminal history information and the resultant minimum sentence increase and requests this Court to enter an order prohibiting the Governments from filing its Information Establishing Prior Conviction.

                                           Respectfully submitted,

                                           /s/ Whitman D. Mounger
                                           Whitman D. Mounger
                                           Attorney for Willie Lee Fields
                                           P.O. Box 1123
                                           Greenwood, MS 38930
                                           (662) 453-7605
                                           (662) 453-9394

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have this day served a true and correct copy of the above and foregoing Objection To Information To Establish Conviction In Order To Enhance Penalty on Honorable Curtis Ivy, Assistant United States Attorney, and Honorable W. Allen Pepper, Jr. United States District Judge, by electronic service.

    This the 6th day of January, 2010.


                                                               /s/Whitman D. Mounger
                                                               Whitman D. Mounger