IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA,

VS.  CRIMINAL ACTION NO. 2:09CR030-P-S

WILLIE LEE FIELDS,  DEFENDANT.

**ORDER**

These matters come before the court upon the Government's September 21, 2009 motion to revoke its offer to permit the defendant to plead guilty [35], the Government's September 21, 2009 motion in limine seeking admissibility of the defendant's prior conviction [33], the defendant's January 6, 2010 objection to the Government's filing of information to establish conviction in order to raise penalty for Count I of the Indictment [44], and the defendant's January 5, 2010 *pro se* letter motion for new counsel [42]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

Since the court did not accept the plea agreement between the Government and the defendant, and since the defendant refused to enter a plea of guilty, the Government has the right to revoke its offer to allow a plea deal. Accordingly, the Government's motion to revoke its plea offer should be granted.

The Government's motion in limine seeking admissibility of the defendant's prior conviction, however, should be denied. First, the record shows that the defendant was convicted not of two felonies, but rather one felony count and one misdemeanor count of drug possession. Second, neither of these convictions involved drug trafficking, but rather drug possession. Third, Rule 609(a)(1) explicitly exempts criminal defendants from their credibility being impeached by prior

1

convictions. Fed. R. Evid. 609(a)(1) ("For the purposes of attacking the credibility of a witness, evidence that witness *other than the accused* has been convicted of a crime shall be admitted, subject to Rule 403 if the crime was punishable by death or imprisonment in excess of one year ...."). (emphasis added). Rule 609(a)(2) does not exempt a criminal defendant, but requires that the admissibility of the prior conviction be contingent upon the crime involving "dishonesty or false statement, regardless of the punishment." The Government has not demonstrated that the crime of drug possession alone constitutes crimes of dishonesty or false statement. Accordingly, Rule 609 does not allow the defendant's two prior convictions to go before the jury. Fourth, Rule 404(b) allows evidence of other crimes only if not offered to show "action in conformity therewith" but rather for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Government has not established that admitting evidence of the defendant's two prior convictions for drug possession would be probative of any of the exceptions mentioned in Rule 404(b). Accordingly, the court concludes that Rule 404(b) prevents admission.

The defendant's January 6, 2010 objection to the Government's filing of information to establish conviction in order to raise penalty for Count I of the Indictment [44] should be overruled. Title 21 U.S.C. § 851 requires that the filing of the information must take place prior to the entry of a plea of guilty or before trial. Since the defendant chose not to enter a plea of guilty, and since trial has not yet taken place in this matter, the Government had the right to file the information, regardless of the motivation, and it did so in a timely manner.

Finally, the defendant's January 5, 2010 *pro se* letter motion for new counsel [42] should be denied. While the letter only briefly complains of the performance of his lawyer, the bulk of the

letter complains about allegation that the Government changed the plea deal from 10 years to life to 20 years to life. In its response, the Government asserts that it never changed the terms of the plea agreement and that the defendant's reasons for not entering the agreement are unknown. Citing *Mabry v. Johnson*, 467 U.S. 504, 507-8 (1984), *abrogated on different grounds*, the Government argues that the defendant's allegation that the Government changed the plea agreement is moot since the plea agreement itself is not enforceable until the court has accepted the plea agreement. And since the defendant chose not to plea guilty, the court did not accept the plea agreement, therefore allowing the Government to withdraw it.

After considering the defendant's *pro se* letter motion, the court concludes that it should be denied insofar as it seeks to require the Government to re-offer the original plea agreement. The motion should also be denied insofar as it seeks new counsel since the defendant has not shown adequate grounds.

Stated simply, the Government had the right to offer a plea agreement. The defendant had the right to accept the agreement. The defendant chose to accept the agreement. The agreement, however, was dependent upon the defendant actually entering a plea of guilty at the plea hearing. He chose not to. Therefore, the Government has the right to withdraw the plea agreement, a right which it has exercised. The defendant is not entitled to demand another plea agreement. Furthermore, since the defendant chose not to plead guilty at the hearing, and therefore the court did not accept the plea agreement, and since trial has not yet been held in this matter, the Government has the right to file an information seeking an enhancement.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The Government's September 21, 2009 motion to revoke its offer to permit the defendant

to plead guilty [35] is **GRANTED**;

(2) The Government's September 21, 2009 motion in limine seeking admissibility of the defendant's prior conviction [33] is **DENIED**;

(3) The defendant's January 6, 2010 objection to the Government's filing of information to establish conviction in order to raise penalty for Count I of the Indictment [44] is **OVERRULED**; and

(4) The defendant's January 5, 2010 *pro se* letter motion for new counsel [42] is **DENIED**.

**SO ORDERED** this the 10th day of February, A.D., 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE