**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**WILLIE LEE FIELDS**     **MOVANT**

**V.**     **NO. 2:09CR30-MPM**

**UNITED STATES OF AMERICA**     **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Willie Lee Fields ("Fields") has filed a "Judicial Notice/Relevant Legal/Factual Basis for Order to Clarify Judgment to Correct Federal Records," which this Court construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 after providing the appropriate notice to Fields. *See Castro v. United States*, 540 U.S. 375, 383 (2003). Having considered the pleadings and the record, including the relevant parts of Fields' underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that the § 2255 motion should be denied.

**Background Facts and Procedural History**

Fields was indicted for possession with intent to distribute in excess of 50 grams of cocaine base on March 26, 2009. Doc. #3. On September 21, 2009, the Government filed an information to establish a prior conviction under 21 U.S.C. § 851. Doc. #32. That information noticed Fields that the Government intended to seek an enhanced sentence based on Fields'

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

previous drug conviction[2], the sentencing judgment of which was attached to the information. *Id*. Furthermore, the information listed the enhanced penalties of not less than 20 years and not more than life imprisonment, along with fines, supervised release, and ineligibility for federal benefits. *Id*.

On January 6, 2010, Fields filed an objection to the information for enhancement, arguing that the Government filed the information to punish Fields for pleading guilty. Doc. #44. On February 10, 2010, the Court overruled Fields' objection. Doc. #50. On February 19, 2010, Fields filed a motion to suppress evidence based on the underlying traffic stop, which was the basis of the charge. Doc. #51. On February 26, 2010, the Court held a hearing on the motion to suppress and denied the motion. Doc. #65. Trial began on March 22, 2010, and on March 23, 2010, a jury returned a verdict of guilty. Doc. #72. On October 27, 2010, Fields was sentenced to 240 months imprisonment. Doc. #92. Judgment was entered November 2, 2010. *Id*.

Fields appealed the denial of the motion to suppress and the failure to apply the Fair Sentencing Act to the Fifth Circuit Court of Appeals, which affirmed this Court's ruling on April 13, 2012. Doc. #109. Following the Supreme Court decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), the Fifth Circuit remanded Fields' sentencing to the district court based on retroactive application of the Fair Sentencing Act. Doc. #113. Subsequently, on February 4, 2013, Fields filed a motion for retroactive application of the sentencing guidelines to crack cocaine offense pursuant to 18 U.S.C. § 3582. Doc. #114. That motion was granted, and his sentence reduced to 120 months on February 4, 2013. Doc. #115.

---

[2] In 2005, Fields was convicted of possession of cocaine and possession of marijuana in the Circuit Court of Bolivar County, Mississippi, in Cause No. 2005-088-CR2. *See* Doc. #32.

On or about November 13, 2015, Fields filed the instant motion to clarify his judgment, arguing that his sentence exceeded the statutory maximum, and that the Government violated his constitutional rights by failing to file an information for enhancement prior to the selection of the jury. Doc. #121 at 2-3. This Court construed the filing as a § 2255 motion and provided notice to Fields that he had an opportunity to withdraw or amend the pleading. Doc. #123. Fields did not respond to the Court's order.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

Additionally, a motion filed under § 2255 must comply with the statute's one-year period

of limitation, which runs from the latest of:

>   (1)  the date on which the judgment of conviction becomes final;
>
>   (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## Discussion

In his motion, Fields does not acknowledge the one-year limitations period.  However, the Court finds that his claims do not fit within the exceptions of § 2255(f)(2)-(4).  Therefore, the limitations period began running pursuant to § 2255(f)(1) when his judgment became final after resentencing.

Following a remand for resentencing only, Fields was granted a sentence reduction by this Court on February 4, 2013.  Doc. #115; *see also* Doc. #113 & *United States v. Fields*, 497 F. App'x 408 (5th Cir. 2012) (noting "*Dorsey* does not affect our affirmance of Fields'[] conviction").  Fields did not appeal that order.  Accordingly, Fields had, at the latest, one year and 14 days from entry of the February 4, 2013 order, — or until February 18, 2014 —  to timely file his § 2255 motion.  *See* Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure (providing a defendant in a criminal case must file a notice of appeal within 14 days after the later of the entry of either the judgment or order being appealed or the government's notice of appeal).

The envelope accompanying the instant motion has a postmark of November 13, 2015, well past the expiration of the limitations deadline. Doc. #117; Doc. #121. Accordingly, the motion was not timely filed. Furthermore, Fields cites no "rare and exceptional circumstances" that would warrant equitable tolling. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (citation omitted). Accordingly, this motion should be dismissed as untimely.

The issue of the motion's untimeliness aside, the Court finds that the record in this case establishes that the information to establish Fields' prior conviction was filed on September 21, 2009, Doc. #32, and that trial began on March 22, 2010, Doc. #66. Because the enhancement information was filed before trial, and Fields was aware of the conviction and the Government's intent to use it to enhance his sentence, it is effective. *See* 21 U.S.C. § 851(a)(1); *United States v. Wallace*, 759 F.3d 486, 496 (5th Cir. 2014) (holding that the purpose of § 851's notice requirement is to provide defendants with an opportunity to challenge the contents of the enhancement information and finding that defendant was on notice of his prior conviction).

Additionally, Fields argues that the sentencing transcript provides proof that the § 851 enhancement information was not properly filed. However, the transcript clarifies that the Court heard evidence of the earlier state drug crime only after Fields refused to acknowledge his prior conviction. *See* Doc. #102. Fields was given an opportunity to disprove the conviction, which he could not do. The Court ruled against Fields prior to trial, Doc. #50, and ruled so again at sentencing. Doc. #102.

Finally, Fields' claims do not raise a constitutional issue, as enhancing a statutory penalty under § 851 is not unconstitutional. *See Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013). Therefore, Fields' sentence was not imposed in violation of federal laws, and his motion is without merit.

**Certificate of Appealability**

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Fields must obtain a COA before he may appeal the denial of his §2255 motion. 28 U.S.C. §2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in §2255 proceeding). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

**Conclusion**

For the reasons set forth herein, the instant §2255 motion [121] is **DENIED**, and this matter is **DISMISSED WITH PREJUDICE**. A COA is **DENIED**. A final judgment consistent with this Memorandum Opinion and Order will enter today.

**SO ORDERED** this 31st day of May, 2017.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**